## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUELINE GROVES** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 15-722** |
| **JONATHAN PAUL FARTHING, et al.** | **SECTION "E"** |
| **Defendants** | |

## ORDER

Before the Court are two motions: (1) a motion to remand to state court filed by Plaintiff Jacqueline Groves[1] and (2) a motion for leave to conduct a deposition related to the pending motion to remand filed by Defendants Amica Mutual Insurance Company and Amica General Agency, LLC ("Amica").[2] For the following reasons, both motions are **DENIED**.

## BACKGROUND

On February 13, 2015, Plaintiff Jacqueline Groves filed a petition for damages in Orleans Parish Civil District Court alleging she suffered severe injuries, including but not limited to a fractured pelvis and a traumatic brain injury, after Defendant Jonathan Paul Farthing, an uninsured driver operating a motorcycle, struck Plaintiff while she was riding a bicycle.[3] Plaintiff named Farthing and Amica, Plaintiff's alleged uninsured/underinsured motorist insurance coverage provider, as defendants.[4]

On March 5, 2015, Amica filed a notice of removal in the U.S. District Court for

---

[1] R. Doc. 3.
[2] R. Doc. 10.
[3] R. Doc. 1-3, pp. 3–6.
[4] *Id.*

the Eastern District of Louisiana, invoking the Court's subject-matter jurisdiction based on diversity of citizenship.[5] On April 2, 2015, Plaintiff filed a motion to remand the case to Orleans Parish Civil District Court,[6] and Amica filed a motion on April 29, 2015 for leave to conduct a deposition related to the motion to remand.[7]

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[8] Federal law allows for state civil suits to be removed to federal courts in certain instances.[9] Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[10]

In this case, Amica invoked the Court's diversity jurisdiction when removing this action to federal court.[11] Section 1441(b)(2) limits removal jurisdiction in diversity cases. When removal is based on diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[12] This limitation is often referred to as the "forum defendant rule."[13] The Fifth Circuit has held that failure to comply with the forum defendant rule renders removal procedurally defective rather than jurisdictionally

---

[5] R. Doc. 1.
[6] R. Doc. 3.
[7] R. Doc. 10.
[8] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[9] *See* 28 U.S.C. § 1441.
[10] 28 U.S.C. § 1441(a).
[11] R. Doc. 1.
[12] 28 U.S.C. § 1441(b)(2).
[13] *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

defective.[14] Thus, to determine whether removal is proper when original jurisdiction is based on diversity and a forum defendant is named, the Court must undertake a two-step analysis: (1) jurisdictionally, the parties must be completely diverse and the amount-in-controversy requirement must be met, and (2) procedurally, no named defendants served prior to removal may be citizens of the forum state.

In this case, the first prong clearly is satisfied. Diversity jurisdiction exists as the parties are completely diverse and the amount-in-controversy requirement is met.[15] Plaintiff argues, however, the Court must remand this case for failure to satisfy the second prong of the test because Defendant Farthing is a citizen of Louisiana—the forum state—and he was served prior to removal.[16] Thus, to conclude whether the second prong of the test is met, the Court must determine (1) when the case was removed to federal court, and (2) whether Farthing was served prior to that time.

<u>When Was the Case Removed to Federal Court?</u>

Under 28 U.S.C. § 1446(a), defendants seeking to remove a civil action from state court must file in the federal district court "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such . . . defendants in such action."[17] Section 1446(b)

---

[14] *Id.* at 396.

[15] The parties do not dispute that there is complete diversity—Plaintiff is a citizen of Colorado, Defendant Farthing is a citizen of Louisiana, and the Amica Defendants are citizens of Rhode Island—or that the amount-in-controversy requirement is met. *See* R. Doc. 1, pp. 2–3; R. Doc. 3–1, pp. 2–3.

[16] R. Doc. 3-1, pp. 3–4. Plaintiff further argues: "Given the undisputed citizenship of the parties to this action, Amica, as the removing defendant, cannot possibly satisfy the burden of showing the propriety of diversity jurisdiction. . . . [R]emoval of a diversity action is barred when a defendant such as Farthing is a citizen of the forum state." *Id.* However, this is a confusion of the jurisdictional and procedural requirements for removal in this case. *See Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993) (stating the presence of an in-state defendant is "not a problem of subject matter jurisdiction"). In reality, Plaintiff's argument is not that the Court lacks subject-matter jurisdiction but that removal was improper under the forum defendant rule.

[17] 28 U.S.C. § 1446(a).

provides the time period during which a notice of removal must be filed and further states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[18] Most importantly for our purposes, § 1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.[19]

Amica argues this case was removed on March 5, 2015 at 1:21 p.m. when the notice of removal was filed in the federal district court.[20] Attached to the notice of removal is a "Certificate of Compliance with Requirement to Give Notice of Removal" in which Amica certifies that, in compliance with 28 U.S.C. § 1446(d), a copy of the notice of removal had been filed with the clerk of the state court prior to the filing with this Court and written notice of the removal also had been given to all parties in the action.[21] Plaintiff does not dispute that by March 5, 2015 at 1:21 p.m. the notice of removal had been filed in federal court and a copy of the notice of removal had been filed with the clerk in state court.[22]

Plaintiff argues this case was not removed until March 10, 2015, the day when her attorney received written notice of removal in the mail, because only then did removal become effective.[23] Plaintiff states: "The Fifth Circuit has interpreted 28 U.S.C. §

---

[18] 28 U.S.C. § 1446(b)(2)(A).
[19] 28 U.S.C. § 1446(d).
[20] R. Doc. 15, p. 2.
[21] R. Doc. 1-2, p. 1.
[22] Although the certification also states that written notice had been given to all parties at the time the notice of removal was filed, Plaintiff contends she did not receive written notice until March 10, 2015.
[23] R. Doc. 20, p. 5 (stating "it is undisputed in this particular case that Farthing was a properly 'joined and served' forum-defendant five full days before the removal took effect on March 10, 2015").

1446(d) to mean that removal is not effective until the removing defendant has taken the three distinct steps required by 28 U.S.C. § 1446(d)."[24] For this reason, Plaintiff asserts this case was not removed until (1) the notice of removal was filed with federal court, (2) a copy of the notice of removal was filed with the clerk of the state court, *and* (3) written notice of removal was received by Plaintiff on March 10, 2015.

Plaintiff cites only one case, *Stephens v. Portal Boat Co.*, to support her contention that 28 U.S.C. § 1446(d) requires all three steps be completed, including the requirement that written notice of removal be given to all adverse parties, before removal is effected.[25] But the validity of the removal from state court to federal court was not being challenged in *Stephens*. Instead, the appeal involved a district court's dismissal on jurisdictional grounds of a state taxpayer's action challenging the imposition of certain state taxes. [26] The Fifth Circuit in *Stephens* affirmed the district court's dismissal for lack of jurisdiction.[27] The Fifth Circuit mentioned in its recitation of the facts that Portal did not advise the state court of the removal and commented in a footnote that the appellant's contention the state court had lost jurisdiction by virtue of the removal "was erroneous; a removal is not effective until notice is given to the state court."[28] Whether the state court had received notice of the removal at the time the notice of removal was filed in federal court is not in dispute in the case now before the Court. Instead, the issue in the instant case is whether a removing defendant must also give written notice of removal to all adverse parties before the removal is effective. This

---

[24] *Id.* (citing *Stephens v. Portal Boat Co.*, 781 F.2d 481 (5th Cir. 1986)).
[25] *Id.* (citing 781 F.2d 481).
[26] 781 F.2d at 481–82.
[27] *Id.* at 482–83 (stating "[t]he district court's disposition was clearly correct. The federal courts have been correctly circumscribed in exercising jurisdiction over state tax disputes, by virtue of § 1341").
[28] *Id.* at 482 n.1 (citing *Dukes v. South Carolina Insurance Co.*, 770 F.2d 545 (5th Cir. 1985); C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, *Jurisdiction* § 3737 (1985)).

issue is not addressed in *Stephens*.

This Court's research has not revealed any Fifth Circuit case law on point. Indeed, district courts around the country appear divided on this issue.[29] Some courts in this district have cited two Fifth Circuit cases, *Murray v. Ford Motor Co.* and *Butler v. King*, for the proposition that all three elements of § 1446(d) must be met before removal is effected,[30] but this is not the true holding of either *Murray* or *Butler*.[31] Neither was the precise issue facing this Court, whether written notice must also be given to adverse parties before removal is effected, squarely presented in those cases. Instead, most cases have focused on the time when state courts are divested of jurisdiction and federal

---

[29] There appears to be a split in the district courts concerning whether (1) removal does not actually take place until all three elements in § 1446(d) are accomplished, as Plaintiff claims, (2) removal is effective from the time the notice of removal is filed with the federal court and the later completion of the other two requirements operates to perfect the removal and vest subject-matter jurisdiction in the federal court as of the earlier date, or (3) removal is effective and jurisdiction is vested in the federal court once the notice of removal is filed with the federal court and the state court has actual or constructive notice of removal, and the requirement to give prompt notice of removal to adverse parties is a procedural requirement with which failure to comply could make removal improper and remand warranted. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3736 (4th ed. 2015) (stating "removal is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties" but also stating "[s]ome cases hold that removal is effective from the time the notice of removal is filed with the federal court, and that the later completion of the other steps operates to vest subject-matter jurisdiction in the federal court as of the earlier date"); *see also Lang v. Mattison*, No. 13-038, 2013 WL 2103145, at *2 (E.D. Ky. May 14, 2013) (stating "[a]s an initial matter, the Court must address whether this action should be remanded because the defendants failed to perfect removal in accordance with 28 U.S.C. § 1446"); *Tolson v. Primerica Corp.*, No. 89-3557, 1991 WL 83136, at *1 (D. Md. May 20, 1991) (stating "removal was not perfected, however, until January 12, 1990, when Defendant filed a copy of its notice of removal with the state court").

[30] *See, e.g.*, *Crutchfield v. Sewerage & Water Bd. of New Orleans*, No. 13-4801, 2013 WL 6185029, at *2 (E.D. La. Nov. 25, 2013) (Berrigan, J.) (stating "[r]emoval is perfected once the removing party serves notice on all adverse parties and the state court"); *Adams v. Horton Archery L.L.C*, No. 12-2361, 2013 WL 139878, at *2 (E.D. La. Jan. 10, 2013) (Lemmon, J.) (stating "[i]n this case, the defendants have not provided any written notice of the removal to plaintiff as is required by § 1446(d). Therefore, they have not perfected their removal, and this case will be remanded").

[31] In *Murray v. Ford Motor Co.*, an appeal to the Fifth Circuit involving the timing of removal, the state court and opposing counsel both had knowledge of the removal petition at the time the order in question was issued and removal was found to have been perfected. *See* 770 F.2d 461, 463 (5th Cir. 1985). Additionally, in *Butler v. King*, the Fifth Circuit stated the § 1446 requirement that a copy of the removal petition be filed in the state record was satisfied and removal was effected, but the court was not faced with the question of whether removal would still have been effective if all adverse parties had not been given written notice of removal. 781 F.2d 486, 488 (5th Cir. 1986). These cases are not on point.

courts are vested with exclusive jurisdiction based on the timing of the state court's actual or constructive notice of removal.[32]

Section 1446(d) requires only that the removing defendant give written notice to adverse parties "promptly after" filing a notice of removal in federal court—there is no specific time period provided in the statute.[33] Prompt written notice is a procedural requirement under § 1446(d), and courts may remand an action if prompt written notice has not been given to all adverse parties. Courts look to the circumstances in a particular case to determine whether there was undue delay in notifying all adverse parties.[34] In this case, Plaintiff has not alleged that the written notice of removal was unduly delayed or never received.[35] Rather, Plaintiff admits her attorney received notice by certified mail five days after the notice of removal was filed.[36] Because prompt written notice of removal was given, this procedural requirement has been met and remand of this action is not warranted on this ground.

Amica filed the notice of removal in federal court on March 5, 2015 at 1:21 p.m.,

---

[32] The Fifth Circuit has held that once the state court receives actual or constructive notice of removal, the state court is divested of jurisdiction and the federal court is vested with exclusive jurisdiction. *See Murray*, 770 F.2d at 463 ("In *Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir. 1978), we held that the state court continues to have jurisdiction until it has been given *actual or constructive notice* of removal." (emphasis added)). Although the language in § 1446(d) states a copy of the notice of removal *shall* be filed with the clerk of the state court, "[t]he Fifth Circuit has interpreted Section 1446 as ending a state court's jurisdiction once the state court has *actual or constructive* notice of the removal." *Rouege Trucking, LLC v. Canales*, No. 14-304, 2015 WL 127870, at *4 (M.D. La. Jan. 7, 2015) (emphasis added) (citing *Medrano v. Texas*, 580 F.2d 803 (5th Cir. 1978); *Adair Pipeline Co. v. Pipeliners Local Union*, 325 F.2d 206 (5th Cir. 1963)).

[33] *See* 14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3735 (4th ed. 2015) ("Although all adverse parties must be given actual notice, no particular time for doing so is specified in the removal statute. Thus, written notice to the adverse parties need not be completed before expiration of the time for removal. This liberality breaks with the former practice, which required the adverse parties to be given written notice before the verified removal petition (now the notice of removal) was filed with the court.").

[34] *See Brister v. Jolly*, No. 96-3741, 1997 WL 16633, at *1 (E.D. La. Jan. 15, 1997) (citing Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3736, at 548 (1985)).

[35] *See Adams*, No. 12-2361, 2013 WL 139878, at *2.

[36] Amica also certifies in its notice of removal that written notice was given to all adverse parties. *See* R. Doc. 1-2.

and Amica certifies that the state court had actual notice of the removal at that time. Plaintiff has not disputed this. The Court holds that receipt of written notice of the removal by all adverse parties was not required before the removal became effective. Thus, the Court finds this case was removed effective March 5, 2015 at 1:21 p.m.

When Was Farthing Served?

Now that the time of removal has been determined, the remaining issue is whether Farthing—the only forum defendant—was properly served prior to the removal. The forum defendant rule precludes removal "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."[37] Plaintiff argues the time of day process was served on Farthing is irrelevant so long as service was made the same day as removal.[38]

Amica's opposition to Plaintiff's motion to remand asserts that the deputy who served Farthing "has indicated verbally that he served Farthing in the evening of March 5, 2015. However, [the Sheriff's Office] will not allow the deputy to provide a sworn affidavit."[39] For this reason, Amica filed a motion for leave to conduct a discovery deposition in order to establish the *exact* time of service on Farthing.[40] However, Plaintiff does not contest Amica's contention that Farthing was served on the same day but after the notice of removal was filed.[41] Because the parties do not dispute that Farthing was served the evening of March 5, 2015, after the notice of removal was filed

---

[37] 28 U.S.C. § 1441(b)(2) (emphasis added).
[38] R. Doc. 20, pp. 4–5.
[39] R. Doc. 15, p. 3 n.2.
[40] R. Doc. 10. Amica seeks to take a deposition of Jefferson Parish Sheriff's Office Department of Process Servers. *Id.*
[41] Rather, Plaintiff argues (1) the time of day process is served is irrelevant when determining whether a forum defendant was served prior to removal, so long as the forum defendant was served on the same day, and (2) even if time of day were relevant, removal took effect on March 10, 2015, five days after Farthing was served. R. Doc. 20, pp. 4–5. The Court already has rejected Plaintiff's second argument.

in federal court and a copy was filed in state court, the deposition of the process server is unnecessary, and the motion for leave to conduct the deposition is denied.[42]

In support of her argument that the time of day of service is irrelevant, Plaintiff points only to the Louisiana Code of Civil Procedure, which requires a sheriff's return show the date and method of service—but not the time of service.[43] Plaintiff cites no case law to support her contention that for purposes of removal the time of service on the forum defendant is irrelevant so long as service was made the same day as the removal. On the other hand, Amica cites a case holding that, even though a case was removed just three hours before a forum defendant was served, the mere fact removal took place before service on the forum defendant was sufficient grounds for denying a motion to remand.[44]

As with any statutory question, the Court must begin with the language of the statute.[45] "In determining a statute's plain meaning, [the courts are to] assume that, absent any contrary definition, Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning."[46] The Court finds the statutory language of § 1441(b) is not ambiguous. A forum defendant must be "joined *and served*" before removal in order for the forum defendant rule to preclude removal. It makes no difference whether removal and service on the forum defendant occur on the same day. So long as removal is effected before service, the forum defendant rule will not preclude

---

[42] R. Doc. 10.

[43] *Id.*, p. 4 (citing La. C. Civ. P. art. 1292).

[44] *See* R. Doc. 15, p. 6; *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Products Liab. Litig.*, No. 09-20003, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010) ("The [non-resident defendant] removed this action on May 1, 2009 at 11:18 am. Plaintiffs served [the forum defendant] on May 1, 2009 at 1:50 pm. Accordingly, this action was removed before the forum defendant was served. This fact, standing alone, is a sufficient ground for denying Plaintiff's motion to remand." (citations omitted)).

[45] *Matter of Greenway*, 71 F.3d 1177, 1179 (5th Cir. 1996).

[46] *Id.* (internal quotation marks and citation omitted).

removal. It is not this Court's place to substitute its judgment for that of Congress when the plain meaning of § 1441(b) compels one conclusion.

Farthing, the Louisiana defendant, was not properly joined *and served* at the time Amica removed this action. Accordingly, § 1441(b) does not provide a procedural basis to remand this action.[47] Likewise, Farthing's consent to removal was not necessary for removal because he had not yet been served.[48]

Plaintiff argues Amica's attempts to circumvent the forum defendant rule should not be allowed because the concern of local bias is not an issue when a defendant is a citizen of the forum state, even when the forum defendant was served after removal.[49] Notwithstanding Plaintiff's persuasive policy arguments, remand would be contrary to the unambiguous language of § 1441(b) and would effectively read out the "and served" portion of the statute.[50] This the Court will not do.

Because Amica complied with the procedural requirements in § 1446, removal of

---

[47] The Court recognizes the Plaintiff is being deprived of her original choice of forum merely because Farthing was served a few hours after the notice of removal was filed. However, this result could have been prevented if Plaintiff had served the state court petition on Farthing, the forum defendant, first. Because Amica had been served at the time of removal, the Court does not reach a decision as to whether removal would have been precluded had Amica removed the case prior to *any* defendant being served. District courts are split on whether at least one defendant must be served before a case can be removed. *See Hutchins v. Bayer Corporation*, 08-640, 2009 Wl 192468 (D. Del. Jan. 23, 2009) (consolidating cases); *Howard v. Genentech*, 12-1153, 2013 Wl 680200 (D. Mass. Feb. 21, 2013) (consolidating cases).

[48] *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) ("[A]ll defendants who are properly joined *and served* must join in the removal petition, *see Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986), and that failure to do so renders the petition defective." (emphasis added)).

[49] R. Doc. 20, p. 6.

[50] *See Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) ("The forum defendant rule codified in § 1441(b)(2) plainly provides that a civil action may not be removed if any defendant *that has been joined and served* is a forum defendant. But, here, at the time of removal, [the forum defendant] had not been served. The plaintiff is frustrated by this rule and complains that [the forum defendant] 'has been avoiding service in a forum shopping effort.' But the plain language of the statute must prevail over the plaintiff's policy arguments to the contrary."). Although the result may seem unreasonable, the Court does not find that following the plain meaning of the statute produces an absurd result in clear violation of the intent of the drafters. *See KCMC, Inc. v. F. C. C.*, 600 F.2d 546, 549 (5th Cir. 1979) (citing *United States v. American Trucking Associations*, 310 U.S. 534, (1940)); *Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ.*, 550 U.S. 81, 93–94 (2007); *see also Hutchins v. Bayer Corporation*, 08-640, 2009 WL 192468 (D. Del. Jan. 23, 2009).

the action from state court to federal court took place on March 5, 2015 at 1:21 p.m., *before* Farthing—the forum defendant—was served that evening. Based on a plain reading of § 1446, Amica was not precluded from removing this action as the forum defendant Farthing was served *after* the case was removed. Accordingly, Plaintiff's motion to remand based on the forum defendant rule must be denied.

## CONCLUSION

**IT IS ORDERED** that the motion to remand to state court filed by Plaintiff Jacqueline Groves[51] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for leave to conduct a deposition related to the pending motion to remand filed by Defendants Amica Mutual Insurance Company and Amica General Agency, LLC[52] is **DENIED**.

New Orleans, Louisiana, this 10th day of June, 2015.

_Susie Morgan_
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[51] R. Doc. 3.
[52] R. Doc. 10.